ALLLN, P.
This case has already been before this court. On that occasion it was decided, that under the agreement of the parties to give any matter in evidence under the plea of payment which the plaintiff in error might plead, either at common law or under the statute, it would have been competent to have pleaded by way of set-off *697 under the act of April 1831, Sup. Rev. Code 157, the facts which the evidence offered on that occasion tended to prove, and therefore that the court erred in rejecting such testimony.
Upon the second trial the evidence was again offered and admitted ; and the case conies up now on an exception to a decision overruling a motion of the plaintiff in error to exclude portions of the deposition of John H. Jett; and to the refusal of the court to give three instructions asked for by the plaintiff in error ; and to giving an instruction at the instance of the defendant in error. This court having held that under the agreement of the parties it was competent for the plaintiff in error to offer evidence tending to prove that the parties had agreed to refer the questions of law arising out of the controversy between them to the decision of Mr. Leigh, that said questions were so referred and were decided in favor of the plaintiff in error, his decision, according to the former judgment of this court, constitutes the law of the case.
*Mr. Leigh determined, 1st. That the deed of trust under which the plaintiff in error asserted a right to subject the slaves conveyed by the deed of trust to sale for the payment of his debt, had not been duly recorded, so as to make it good against the creditors of the grantor. “But that the want of the due registry would in no wise impair the validity of the deed as against creditors whose debts have not attached upon the subject by force of legal process.” 2d. That a remainder or a reversion of a personal chattel is not such an interest as can be taken on a fi. fa. against the remainder or reversioner. And therefore it followed that the execution, under which the levy was made and the property sold to the defendant in error, did not authorize such levy in 1825, and could not sanction it at the time the decision was made, as that process was then functus officio. 3d. That as the re-mainderman could sell the property himself, if it could be proved that he gave up his interest in the slaves to be sold under the execution, this would give validity to the sale, and perfect the title of the purchaser.
After the testimony had been offered and read, the plaintiff in error moved the court to give three instructions to the jury, which the court refused to give ; and he excepted. I think the court properly refused to give the third instruction as irrelevant; there being no evidence proving, or tending to prove, that the defendant in error had actual notice of the said deed of trust, at or before his purchase of the slaves at the sale made by the sheriff. But I can perceive no objection to the first or second instructions. Each was founded upon the decision of Mr. Leigh, and was pertinent to the issue the jury was trying. The first asked the court to instruct the jury that the want of registry of the deed of trust did not impair the validity thereof against creditors whose debts had not attached on the slaves by force of legal process. And *by the second, the court was asked to instruct the jury, that if it appeared that the interest levied on was a vested remainder expectant upon a life estate, the levy of the execution on said slaves as the property of the remain-derman, was illegal and void, and a purchase of them under a sale made by the sheriff, as sheriff, passed no right to the purchaser. Each of these propositions was settled by Mr. Leigh’s decision in the affirmative; and whether sound law or not, as a general question, was the law of the case as settled by the referee. How far the effect of these legal propositions so settled would be controlled by another portion of his decision upon other facts, if proved, or whether the evidence tending to prove such other facts did prove them, were distinct and independent questions.
The plaintiff in error controverted the fact of a sale by the sheriff under the execution by the directions of the remainderman. There was parol proof, and there was the sheriff’s return bearing upon this point; and the jury were to decide from all the facts in evidence before them, whether the purchaser at the sheriff’s sale could claim as a purchaser under the remainderman himself. By the instruction given at the instance of the defendant in error, the jury were instructed, that if they believed from the evidence that the execution had been levied on such remainder, that the same was sold by the sheriff under the execution by the directions of the remainder-man, such sale vested a valid title to such remainder in the purchaser. This instruction, like the others asked, was predicated on the decision of Mr. Leigh, and though somewhat obscure in not sufficiently distinguishing between a sale made by the sheriff as officer only, and a claim under such official act alone, and a claim as a purchaser under the remain-derman himself, in consequence of his giving up his interest in the property to the sheriff to be *sold, who in that case might be regarded as his agent to sell under the execution ; yet I regard the instruction as substantially complying with the terms of the decision of Mr. Leigh. But it applies to but one branch of the case. The jury may not have believed that the facts were proved to which the instruction applied. And yet by the refusal of the court to give the instructions asked by the plaintiff in error, they may have concluded that the want of registry impaired the validity of the deed of trust against creditors, although their debts had not attached on the slaves by force of legal process ; or that a fi. fa. could be levied on such a remainder expectant on an estate for life, and a sale made by the sheriff in virtue of the execution would pass the title to the purchaser. We cannot say that they did not find their verdict upon some such conclusion ; which would have been directly against the law of the case as settled for the parties by Mr. Leigh, and subject to whose decision the note sued on was given. If the defendant in error had supposed that the instruction, unconnected with that part of the decision which related to a sale by the sheriff by the directions of the remainder-man, was calculated to mislead the jury, he *698 could have moved the court to qualify it, by giving as an addition what in fact at his instance was given as an independent instruction. If all had been given, the whole of the legal questions propounded to and decided by Mr. Leigh would have been fairly before the jury. I think the court erred in refusing the first and second instructions asked for by the plaintiff in error ; but that the third instruction asked for by him was properly refused, and that the instruction given at the instance of the defendant in error was substantially correct.
In regard to the deposition of John H. Jett, parts of which were excepted to, it seems to me the objections *to the fifth interrogatory and the last interrogatory propounded but one, and the answers to said interrogatories were properly overruled. The question, and a most materiaTone under the decision of Mr. Leigh, was whether the remainderman gave up his interest in the slave to be sold by the sheriff under the execution: and evidence of his directions before the sale, is the best if not only evidence to be adduced to prove the fact. I think, however, the court erred in overruling the objection to the answer to the second interrogatory. He was asked whether a paper shown to him marked A, was not a copy of the execution under which he had, in a previous answer, said 'the slaves were sold ; to which he replied that he thought it was; he had never heard of the defendant in error having any other execution against the parties named. The paper is not filed. We do not know whether it -was an official copy or a copy by some other person; and it was improper to give evidence of a copy without some account of the original.
I think the judgment should be reversed with costs to the plaintiff in error,the verdict set aside, and the cause remanded with instructions to award a new trial; and upon such new trial to exclude from the jury the second interrogatory and answer thereto in the deposition of John H. Jett, if again objected to ; and if the same evidence is again adduced, to give to the jury the first and second instructions asked for by the plaintiff in error and refused, provided he again should ask the court to give the said instruction to the jury.
The other judges concurred in the opinion of Allen, P.
Judgment reversed.